UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __4/14/22__

TANGLE, INC., )
)
    Plaintiffs, )
) Case No.: 1:22-cv-02350
    v. )
)
THE INDIVIDUALS, CORPORATIONS, )
LIMITED LIABILITY COMPANIES, )
PARTNERSHIPS, AND UNINCORPORATED )
ASSOCIATIONS IDENTIFIED ON )
SCHEDULE A HERETO, )
)
    Defendants. )
)

## [PROPOSED] PRELIMINARY INJUNCTION ORDER

**THIS MATTER** comes before the Court on Plaintiff TANGLE, INC.'s ("Tangle" or "Plaintiff") application, brought by way of Order to Show Cause, for entry of a Preliminary Injunction (the "Application") against the Defendants identified on Schedule A to the Complaint (collectively, the "Defendants") and using at least the domain names identified in such Schedule A (the "Defendant Domain Names") and the online marketplace accounts identified in such Schedule A (the "Online Marketplace Accounts"); and

**THE COURT** having reviewed the papers in support of and no papers having been submitted in opposition to the Application; and the Court having found that Plaintiff meets the criteria for entry of preliminary injunctive relief; and

This Court further finds that it has personal jurisdiction over the Defendants because the Defendants directly target their business activities toward consumers in the United States, including New York, offering to sell and ship products into this Judicial District. Specifically, Defendants are reaching out to do business with New York residents by operating one or more

commercial, interactive Internet Stores through which New York residents can purchase counterfeit products bearing, using, or infringing on Plaintiff's TANGLE trademark, which is covered by the TANGLE Trademark, U.S. Trademark Registration No. 1779055 ("the TANGLE Trademark"), and/or Plaintiff's TANGLE copyrights, being at least covered by U.S. Copyright Office Registration Nos. VA 120-368, VA 1-232-933, VA 1-271-045, VAu35-392, VAu 35-391, VAu 35-390, VAu 35-389, VAu 35-388, VAu 35-387 (collectively, "the TANGLE Copyrights"); and

**THIS COURT** having determined that the evidence submitted in support of the Application establishes Plaintiff has a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted including for example

1. Through the Declarations of Michael Yellin and Richard Zawitz and accompanying evidence, Plaintiff has proved a prima facie case of trademark infringement because (1) the TANGLE Trademark is a distinctive mark and registered with the U.S. Patent and Trademark Office on the Principal Register, (2) through the substantial time, money and other resources expended by Plaintiff to promote the TANGLE Trademark, the TANGLE Trademark is widely recognized and exclusively associated as being products sourced from Plaintiff and thus are sufficiently distinctive to distinguish Plaintiff's goods from the goods of others, (3) Defendants are not licensed or authorized to use the TANGLE Trademark, and (4) Defendants' use of the TANGLE Trademark is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with Plaintiff; and

2. Plaintiff has also proved a prima face case of copyright infringement because Defendants have copied Plaintiff's TANGLE Copyrights without Plaintiff's consent; and

3. Defendants' continued and unauthorized use and infringement of the TANGLE Trademark and the TANGLE Copyrights irreparably harms Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales.

4. Monetary damages fail to address such damage and, therefore, Plaintiff has an inadequate remedy at law; and

5. The public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions; and

**THIS COURT** having determined, therefore, that injunctive relief previously granted in the Temporary Restraining Order ("**TRO**") on March 23, 2022 [Dkt. No. 18] should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under the Federal Rule of Civil Procedure 65;

**NOW THEREFORE**, on this \_\_\_\_14th\_\_\_\_ day of April, 2022, this Court ORDERS that:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily enjoined and restrained from:

   a. Using Plaintiff's TANGLE Trademark, TANGLE Copyrights, or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a

genuine TANGLE product or not authorized by Plaintiff to be sold in connection with Plaintiff's TANGLE Trademark and/or TANGLE Copyrights;

      b.    Passing off, inducing, or enabling others to sell or pass off any product as a genuine TANGLE product, or any other product produced by Plaintiff, that is not Plaintiff's product or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Plaintiff's TANGLE Trademark and/or TANGLE Copyrights;

      c.    Committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

      d.    Further infringing the Plaintiff's TANGLE Trademark and/or TANGLE Copyrights and/or damaging Plaintiff's goodwill;

      e.    Otherwise competing unfairly with Plaintiff in any manner;

      f.    Shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's TANGLE Trademark and/or TANGLE Copyrights or any reproductions, counterfeit copies, or colorable imitations thereof;

      g.    Using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, the Defendant Domain Names, or any other domain name or online marketplace account that is being used to sell or is the means by which Defendants could continue to sell counterfeit products bearing, using, or infringing on the TANGLE Trademark and/or TANGLE Copyrights; and

    h.  Operating and/or hosting websites at the Defendant Domain Names and any other domain names registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing, using, or infringing on Plaintiff's TANGLE Trademark and/or TANGLE Copyrights and/or any reproductions, counterfeit copies, or colorable imitations thereof that is not a genuine TANGLE product or not authorized by Plaintiff to be sold in connection with Plaintiff's TANGLE Trademark and/or TANGLE Copyrights.

  2.  Each Defendant, within fourteen (14) days after receiving notice of this Order, shall serve upon Plaintiff a written report under oath providing: (a) their true name and physical address, (b) all websites and online marketplace accounts on any platform that they own and/or operate (c) their financial accounts, including by way of example all Amazon, PayPal, Payoneer, LianLian, AllPay, PingPong, Coinbase, Union Mobile, and eBay accounts, and (d) the steps taken by each Defendant to comply with paragraph 1, a through h, above.

  3.  The domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, within three (3) business days of receipt of this Order or prior to expiration of this Order, whichever date shall occur first, shall disable the Defendant Domain Names and make them inactive and untransferable until further ordered by this Court.

  4.  Those in privity with Defendants and with actual notice of this Order, including any online marketplaces such as AliExpress, Amazon, DHgate, eBay, and Wish, social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing, and Yahoo, web hosts for the Defendant Domain Names, and domain name registrars, shall within three (3) business days of receipt of this Order:

a. disable and cease providing services for any accounts through which Defendants engage in the sale of counterfeit goods bearing, using, or infringing on the TANGLE Trademark and/or TANGLE Copyrights, including any accounts associated with Defendants;

b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit goods bearing, using, or infringing on the TANGLE Trademark and/or TANGLE Copyrights; and

c. take all steps necessary to prevent links to the Defendant Domain Names from displaying in search results, including, but not limited to, removing links to the Defendant Domain Names from any search index.

5. Defendants and any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' websites at the Defendant Domain Names or other websites operated by Defendants, including, without limitation, any online marketplace platforms such as AliExpress, Amazon, DHgate, eBay, and Wish, Facebook, Internet Service Providers ("ISP"), web hosts, back-end service providers, web designers, sponsored search engine or ad-word providers, banks, merchant account providers, including Amazon, PayPal, Payoneer, LianLian, AllPay, PingPong, Coinbase, Union Mobile, and eBay, third party processors and other payment processing service providers, shippers, and domain name registrars (collectively, the "Third Party Providers") shall, within five (5) business days after receipt of such notice, provide to Plaintiff expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

a. The identities and locations of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information;

        b.      The nature of Defendants' operations and all associated sales and financial information, including, without limitation, identifying information associated with the Online Marketplace Accounts, the Defendant Domain Names, and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Online Marketplace Accounts and Defendant Domain Names;

        c.      Defendants' websites and/or any Online Marketplace Accounts;

        d.      The Defendant Domain Names or any domain name registered by Defendants; and

        e.      Any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Amazon, PayPal, Payoneer, LianLian, AllPay, PingPong, Coinbase, Union Mobile, and eBay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

6.      Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

7.      Western Union shall, within five (5) business days of receipt of this Order, block any Western Union money transfers and funds from being received by Defendants until further ordered by this Court.

8. AliExpress, Amazon, DHgate, eBay, and Wish shall, within five (5) business days of receipt of this Order, for any Defendant or any of Defendants' Online Marketplace Accounts or websites:

   a. Locate all accounts and funds connected and/or related to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any Amazon, PayPal, Payoneer, LianLian, AllPay, PingPong, Coinbase, Union Mobile, and eBay accounts connected and/or related to the information listed in Schedule A to the Complaint; and

   b. Restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

9. Any banks, savings and loan associations, payment processors, or other financial institutions, for any Defendant or any of Defendants' Online Marketplace Accounts or websites, shall within five (5) business days of receipt of this Order:

   a. Locate all accounts and funds connected and/or related to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any accounts connected and/or related to the information listed in Schedule A to the Complaint; and

   b. Restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

10. Plaintiff may provide notice of these proceedings to Defendants by electronically publishing a link to the Complaint, this Order and other relevant documents on a website or by sending an e-mail to all e-mail addresses identified by Plaintiff and any e-mail addresses provided for Defendants by third parties that includes a link to said website. The combination of providing notice via electronic publication or e-mail, along with any notice that Defendants receive from

domain name registrars and payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

11. Plaintiffs' Schedule A to the Complaint, Exhibit 2 to the Declaration of Richard Zawitz and the TRO shall become unsealed.

12. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two days' notice to Plaintiff or on shorter notice as set by this Court.

13. The five thousand dollars ($5,000.00) bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

This Preliminary Injunction is entered at __5:00 p.m.__ on __April 14, 2022__.

**SO ORDERED.**

_____
Honorable Valerie E. Caproni
United States District Judge